**XIU YING CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2244–Ag.**

United States Court of Appeals,
Second Circuit.

Oct. 13, 2006.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Respondent.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

mer Attorney General John Ashcroft as the respondent in this case.

**66**

PRESENT: Hon. DENNIS JACOBS, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Xiu Ying Chen petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Adam Opaciuch's denial of her motion to reopen her exclusion proceedings. *In re Xiu Ying Chen*, No. A 73 134 576 (B.I.A. Apr. 7, 2004), *aff'g* No. A 73 134 576 (Immig. Ct. N.Y. City Aug. 9, 2002). We presume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). The ninety-day filing deadline for filing motions to reopen may be tolled in order to avoid inequitable circumstances, such as when a petitioner has suffered ineffective assistance of counsel. *Iavorski v. U.S. INS*, 232 F.3d 124, 129, 134 (2d Cir.2000). Chen asserts ineffective assistance in that counsel failed to file a timely appeal. Equitable tolling is permitted, but only if the petitioner exercises due diligence in bringing forth his motion to reopen. *Id.* at 134. The IJ denied Chen's motion as untimely, putting her on notice that she needed to establish an exception to the ninety-day deadline in order to prevail on appeal. Before the BIA, however, Chen failed to state when she discovered that the appeal had not been timely filed. She therefore failed to establish that she exercised due diligence in filing her motion to reopen.

Although Chen claims in her brief to this Court that she discovered the alleged ineffective assistance in October 2001, and thereby demonstrated due diligence by filing her motion in that same month, Chen offers no corroboration of this claim, and items in the record raise questions as to the veracity of this claim. Because Chen's failure to raise the due diligence issue before the agency left significant gaps in the factual record now before this Court, we find that Chen failed to satisfy the judicial exhaustion requirement of this Court. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir.2003). Therefore, we will not consider Chen's due diligence claim and dismiss the petition for review. *See id.* at 63–64.

For the foregoing reasons, the petition for review is DISMISSED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).